Isaac Miller Hubbard v. The State.

No. 4072.  Decided May 19, 1909.

Aggravated Assault—Insufficiency of the Evidence—Intent.

Where upon trial for aggravated assault the evidence showed a total absence of any criminal intent, or intent to injure, the conviction could not be sustained.

Appeal from the County Court of Fannin.  Tried below before the Hon. H. A. Cunningham.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Taylor & Lipscomb,* for appellant.—Gorman v. State, 42 Texas, 221; Vanhouser v. State, 52 Texas Crim. Rep., 572; 108 S. W. Rep., 386.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of aggravated assault, and his punishment assessed at a fine of $25.

The only question we deem necessary to pass upon is the evidence. Appellant and his wife had had some kind of family trouble, and after said trouble, appellant being the head of the family, sought to enter an open gate at his own home, to his lot and barn, when his wife, E. J. Hubbard, the prosecutrix, appeared and closed it, denying him the right to enter. She propped herself against the gate, thereby rendering it impossible for him to enter and effect his lawful purpose except by removing her. He requested her to go into the house, but she refused. He did not strike her or assault her, but only pushed her out of the way so that he might open the gate. She then became violent and assaulted him, yet no attempt on his part was made to injure her. Appellant did not intend to injure her, nor do we think the evidence in this case shows any purpose on his part to injure, but simply an effort to remove her so he could enter the gate at his home in order that he might haul some hay away. These being the facts, we do not think we would be warranted in affirming the judgment, but think there is a total absence of any criminal intent, and, so believing, the judgment is reversed because the evidence is insufficient to support the verdict.

*. Reversed and remanded.*