## RUSSELL COURSEY v. STATE.

No. A-6112.    Opinion Filed April 2, 1927.
(254 Pac. 505.)

Ned Looney and Robert Burns, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was charged in the district court of Beckham county with an assault with a deadly weapon with intent to kill and was convicted of an assault with a dangerous weapon with intent to do bodily harm, and his punishment assessed by the court at confinement in the state penitentiary for a term of two years.

The record discloses that in the early part of November, 1923, F. O. Haynes went to a cotton gin at Texola with a load of cotton. This was in the nighttime, and his team escaped and he went in search of them and in doing so crossed some land occupied by defendant. While doing this, he was struck on the head and rendered unconscious. When he recovered consciousness, he was on the section line and defendant came around with an iron wagon wrench in his hand and again struck him on the head with the wrench and rendered him unconscious. A physician was not called to attend him until November 12, at which time he was in a semiconscious condition, with two wounds over the left ear, and there was at the time dry blood in the auditory canal, and in the opinion of the examining physician he had sustained a simple fracture of the skull, and that it was some ten days before he became fully conscious. Defendant testified, in substance, that there was a state of ill feeling between him and prosecuting witness Haynes, and that

at the time in question he saw prosecuting witness with a lantern, who accosted him and inquired about loose horses, and that a quarrel arose between them, and the prosecuting witness came towards him with a knife, and that he pulled the wrench out of the wagon and threw it at prosecuting witness and then saw the blood coming down his face. There are some other circumstances in evidence not necessary to relate.

Defendant contends that the evidence does not make out a case of assault with a dangerous weapon with intent to do bodily harm and does not warrant more than a verdict of assault and battery; that the punishment is excessive and unreasonable.

The charge in the information contains as an included offense an assault with intent to do bodily harm without justifiable or excusable cause by means of a dangerous weapon, which carries a punishment of confinement in the state penitentiary not to exceed five years or by imprisonment in a county jail not exceeding one year. Section 1764, Comp. Stat. 1921. The information correctly alleges that the instrument used is a deadly weapon, and the jury by their verdict expressly find the defendant guilty of an assault with intent to do bodily harm, without justifiable or excusable cause, by means of a dangerous weapon. The court in his instructions correctly defined a "dangerous weapon" as one which in the manner used is capable and sufficient to inflict a dangerous and serious bodily injury, following somewhat closely the language of this court in Wilcox v. State, 13 Okla. Cr. 599, 166 P. 74.

The jury evidently believed the evidence of the state and did not give credence to the testimony of defendant that he acted in his self-defense. The evidence fully warranted the jury in returning the verdict they did, and the court in fixing the punishment assessed, and no reas-

on is apparent why this court should interfere with the judgment rendered.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.