## AARON BOURBONNAIS v. STATE.
### No. A-865. Opinion Filed April 18, 1912.
### Appeal from District Court, Pottawatomie County;
### Roy Hoffman, Judge.

Aaron Bourbonnais was convicted of felonious assault, and appeals. Judgment modified and affirmed.

L. G. Pitman and G. A. Outcelt, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., and C. H. Holt,.Co. Atty., for the State.

PER CURIAM. The plaintiff in error, who is an Indian, was convicted in the district court of Pottawatomie county, at·the March, 1910, term, on a charge of felonious assault, and his punishment fixed at imprisonment in the state penitentiary for a period of two years. The prosecuting witness testified that he was hauling ties in Tecumseh, in said county, on March 2, 1910; that he was assaulted by the accused, who struck him with a piece of iron just behind the ear and across the shoulder, inflicting a painful wound. That he had had no trouble with accused, and did not know he was in danger of being assaulted until he was struck. That he had given testimony against a brother of the accused who was charged with selling intoxicating liquor. The piece of iron with which the prosecuting witness claimed to have been struck was identified by the witness when he was on the stand; but there is absolutely nothing in his testimony from which it can be reasonably inferred that the piece of iron was a deadly weapon per se. Ed Roe testified on behalf of the state that he was working in his shop near where the difficulty occurred. That he came outside for the purpose of securing material to be used in his work and saw the accused walking away, and the prosecuting witness stoop down and pick up a piece of iron, and identified the piece of iron produced by the state as similar to the one picked up at the scene of the difficulty. There is nothing in the testimony of this witness which gives any idea as to the character of the weapon. · These were the only witnesses introduced by the state. The accused introduced no testimony whatever. The proof further shows that the blow struck was not sufficient to knock the prosecuting witness down. This court is always anxious to aid in the proper enforcement of the criminal law, and to uphold the judgment of the trial court when it can be reasonably done. But the prosecuting attorneys who represent

the interest of the state in the trial courts are charged with the duty of protecting the interest of the state by having the records show facts upon which such judgment can be upheld. It is as much the duty of this court to prevent an injustice being done a person charged with crime as it is to uphold a proper judgment. The weapon used not having been shown to be a deadly weapon per se, nor a weapon, when used in the manner in which it was used in this case, reasonably calculated to produce death or great bodily injury, we are impelled to the conclusion that the judgment is excessive.

The errors assigned and argued are not sufficient to justify a reversal of the judgment. We think, however, the judgment should be modified.

It is therefore ordered by the court that the judgment of the trial court be modified, and that the accused be adjudged to pay the costs of this prosecution and be confined in the county jail for a period of six months.

As modified, the judgment is affirmed.