## S. WILCOX v. STATE.

No. A-3055.    Opinion Filed July 10, 1917.

(167 Pac. 74.)

1. **INDICTMENT AND INFORMATION—Language of Statute—Elements of Offense.** The information must contain a statement of the acts constituting the offense, and it is not sufficient to charge the offense in the words of the statute, when the particular circumstances of the offense charged are necessary to constitute a complete offense.

2. **SAME—Sufficiency of Information—Motion to Arrest.** The information charged that defendant "then and there willfully, unlawfully, knowingly, feloniously, and without justifiable and excusable cause, and with the intent then and there on the part of him the said S. W. to do great bodily harm to another, to wit, the said T. S., with a dangerous weapon, to wit, a claw hammer, contrary to," etc. **Held,** that the information was insufficient to charge defendant with assault with a dangerous weapon with intent to do bodily harm, as against the motion in arrest of judgment.

3. **ASSAULT AND BATTERY—"Dangerous Weapon"—Claw Hammer.** A claw hammer cannot be said as a matter of law to be a "dangerous weapon" without reference to the manner of its use.

*Appeal from District Court, Pawnee County;*
*Chas. B. Wilson, Jr., Assigned Judge.*

S. Wilcox was convicted of assault with a dangerous weapon, and he appeals.    Reversed.

*F. C. Shoemaker* and *Prentiss E. Rowe,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen. *(R. S. Cole,* of counsel), for the State.

DOYLE, P. J.   This appeal is from a judgment of the district court of Pawnee county, rendered on the 25th day of May, 1917, upon a verdict convicting the defendant of the crime of assault with a dangerous weapon with intent to do bodily harm, and assessing his punishment at imprisonment in the penitentiary for the period of one year and one day.

Before judgment a motion for new trial was duly filed and overruled.   Thereupon the defendant filed a motion in arrest of judgment on the ground:

"That the information purporting to charge the defendant with an assault with a dangerous weapon does not state an offense of which the district court has jurisdiction."

From the judgment rendered in pursuance of the verdict, the defendant appealed by filing in this court on June 16, 1917, a petition in error with transcript of the record attached.   The only error assigned is that the information failed to state the facts which are essential to constitute the offense intended to be charged.   Penal Code, section 2344, Rev. Laws 1910.

The information, omitting merely formal parts, is in the following language:

"That on the 21st day of September, A. D. 1917, in said county of Pawnee and State of Oklahoma, one S. Wilcox, a person then and there being, did then and there willfully, unlawfully, feloniously commit the crime of assault with a dangerous weapon by then and there willfully, unlawfully, knowingly, and feloniously, and without justifiable and excusable cause, and with the intent then and there on the part of him, the said S. Wilcox, to do great

bodily harm to another, to wit, T. U. Salmon, commit an as-, sault upon the person of another, to wit, the said T. U. Salmon with a dangerous weapon, to wit, a claw hammer, contrary to," etc.

The record shows that the sufficiency of the information was first raised by motion in arrest of judgment, which was duly filed, by the court overruled, and exception allowed.

While, as a general rule, it is sufficient to charge a statutory offense in the language of the statute, there are exceptions to the rule. The information must contain a statement of the acts constituting the offense, and if the statutory words are not sufficient, it must be expanded beyond them.

"The criminal nature and degree of the offense must 'appear in allegation,' also the particular facts and circumstances which render the defendant guilty of that offense." (1 Bishop's Crim. Proc. par. 625.)

The use of a dangerous weapon is what distinguishes the crime of an assault with a dangerous weapon with intent to do bodily harm from a simple assault. A dangerous weapon is one likely to produce death or great bodily injury by the use made of it, or perhaps it is more accurately described as a weapon which in the manner it is used or attempted to be used endangers life or inflicts great bodily harm. A claw hammer is not *per se* a dangerous weapon, and especially is it not a dangerous weapon when considered without reference to its use, and a weapon cannot be said as a matter of law to be dangerous without reference to the manner of its use. *Bourbonnais v. State*, 7 Okla. Cr. 717, 122 Pac. 1131.

In the case of *Moody v. State*, 11 Okla. Cr. 471, 148 Pac. 1055, it was held that:

"An information which intends to charge the offense of assault with a sharp and dangerous weapon with intent to do bodily harm should plead facts which, if conceded, would be sufficient to sustain a judgment of conviction."

In the opinion it is said:

"The charging part of the indictment was, according to the contention of counsel for plaintiff in error, too indefinite in that it did not describe the plank and designate in what manner it was used; it being their contention that a plank is not *per se* a deadly weapon; that, not being *per se* a deadly weapon, the county attorney was required to plead facts sufficient to show the character of the plank and the manner in which it was used, and that the facts so pleaded must show that the instrument used was of the character set out in the statute and used in such manner as to be reasonably calculated to produce serious bodily injury."

We are of opinion that the facts stated in the information are insufficient to charge the crime of assault with a dangerous weapon with intent to do bodily harm, and the information does not allege facts showing that the district court of Pawnee county had jurisdiction. It follows that the motion in arrest of judgment should have been sustained.

The judgment of the district court is therefore reversed.

ARMSTRONG and MATSON, JJ., concur.