## GEORGE WALDEN v. THE STATE.

### No. 6301.   Decided June 8, 1921.

**1.—Aggravated Assault—Intent—Presumption of Innocence.**

Where, upon trial of aggravated assault, upon the son of defendant, seven years old, the latter testified that defendant hit him on the jaw with his fist and kicked him with his foot, and there was no further description of the occurrence, this did not carry with it the presumption of physical injury or immoderate punishment, and the presumption of innocence would be in defendant's favor.  Following Hubbard v. State, 56 Texas Crim. Rep., 274.

**2.—Same—Evidence—Other Offense—Other Transaction.**

Where, upon trial of aggravated assault committed by defendant upon his seven-year-old son, testimony of another transaction, wherein the defendant assaulted his son at a different time and place and in no wise connected with it or related to the assault alleged to have been committed in the instant case, was inadmissible and reversible error, and will not be admitted on the issue of intent, in the instant case.

**3.—Same—Parent and Child—Moderate Correction—Restraint—Burden of Proof.**

A father has the right of moderate correction of his child, and it is incumbent upon the State in every case where such parent is charged with an aggravated assault upon his child, and the facts do not affirmatively make it beyond question that such assault was of such character as to remove it from the possible domain of corrective punishment, to show that the violence alleged was not in restraint, etc., and the court should instruct the jury that the proof must show beyond a reasonable doubt that the violence inflicted was not for the purpose of restraint or correction.   Following Dowlen v. State, 14, Texas Crim. App., 51.

Appeal from the County Court of Tarrant.   Tried below before the Honorable Hugh L. Small.

Appeal from a conviction of aggravated assault; penalty, confinement in the county jail for one year.

*Roberson, Lopp & Myres,* for appellant.—On question of other offenses: Tijerina v. State, 74 S. W. Rep., 913; Pridemore v. State,

129 id., 1113; Menefee v. State, 149 id., 138; Campbell v. State, 116 id., 581; Latham v. State, 46 id., 638; Gillespie v. State, 190 id., 146.

*C. M. Cureton,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Tarrant County of the offense of aggravated assault, and his punishment fixed at one year in the county jail.

Appellant was charged with aggravated assault on his seven year old son. The date alleged in the indictment was November 21, 1920. The record discloses that at the time of the assault on the date alleged, no one was present except appellant and his child. No witness testified on the trial to any bruise or mark on the face or body of the boy which appeared to have been inflicted on that date. The child testified (referring to appellant and the occasion of the 21st): "He hit me on the jaw with his fist and kicked me with his foot." No further description of the occurence appears any where in the entire testimony. We are left in the dark as to what occasioned the blows referred to, or whether they hurt, or whether appellant was angry, or how hard said blow or kick was, or what was the effect upon the boy of such hitting or kicking, or whether it was under such circumstances as showed the appellant to be administering same as punishment; in fact the record is entirely destitute of anything that would give to this court any information or light on the manner, circumstance or surrounding of the incident. It must be borne in mind while in ordinary assault and battery charges the intent to injure is presumed from proof of such assault, that our Legislature of old declared that violence at the hands of a parent when inflicted on a child, does not amount to an assault and battery when in the exercise of moderate restraint or correction. We cannot judicially know that the statement that "he hit me on the jaw and kicked me with his foot," necessarily carries with it the presumption of physical injury or immoderate punishment. Illustrations might be multiplied where blows with the fist caused no injury, and it would be doing violence to intelligence to say that a kick with the foot necessarily presumes such effect. There are no presumptions against one accused of crime in this State, but on the contrary all presumptions are in his favor. Injury from a given act will not be be presumed unless the proof is such as to make apparent such fact. Ware v. State, 24 Texas Crim. App., 521; Tubbs v. State, 50 Texas Crim. Rep., 143; Hubbard v. State, 56 Texas Crim. Rep., 274. The State should not leave the jury or this court in ignorance of the facts surrounding the transaction relied on as the basis for the prosecution.

Most of the testimony in the record was in regard to what occurred at a transaction on the 18th of November, 1920, the testimony of all of the witnesses except the injured party himself being almost exclusively directed to said transaction. Appellant interposed his objec-

89 Tex.—30

tion to the testimony relative to said other transaction upon the ground that it was a separate and distinct offense, in nowise connected with or related to the assault alleged to have been committed on the 21st. The bills of exception relating to the admission of this testimony contain the certificate of the trial court that the State had elected to rely for conviction upon the incident of the 21st, and that the evidence of what occurred on the 18th was admitted as affecting the *animus,* intent and malice of the appellant. The charge of the trial court told the jury that they could consider said evidence of the transaction of the 18th only for that purpose. The facts disclosed by the entire record are revolting and sickening, so much so that great care should be exercised to prevent the feeling of resentment of conduct such as that of appellant and repulsive at such treatment on the part of a father toward his child as disclosed in the beating on the 18th, be not allowed to sway calm judgment that should command only the execution of the law. The officers found the child chained in the back yard of his home on the 21st, alone. His back was a pitiable sight,—sores and bruises, mingled with scars and wounds, but none of those appeared to be the result in any way of the blow and kick which constitute the assault alleged to have taken place on the 21st. The transaction of the 18th, into which the State went fully, showed that appellant on that day tied his boy, naked, on his all-fours, and whipped his bare and ulcerated back with a rope until it was bloody. This was a separate offense from that of the 21st, and its description of most prejudicial character, if not admissible. It must have tremendously appealed to humanity and fatherhood in the jury box. If the evidence in the case showed a claim on the part of appellant of a lack of intent in the transaction on the 21st, then there might appear to be some ground for the introduction of evidence of this separate transaction of the 18th. Appellant was his own only witness. The evidence of the child and the State witness who testified to the whipping on the 18th, as well as that of appellant, showed that during the summer preceding the alleged assault, the injured child had gone into the country, and while there had gotten his back badly poisoned so that it was covered with sores, to which the clothing of said child adhered to the extent that it could not be removed except by the application of hot water to said sores. Appellant testified without equivocation that he did not strike or kick his boy on the 21st. He did not claim that he so struck and kicked him, but that he did not intend to hurt him. We are unable to conclude that the question of his lack of intent was thus an issue in the case.

It is statutory that a father has the right of moderate correction of his child, and it is incumbent upon the State in every case where such parent is charged with an aggravated assault upon his child, and the facts do not affirmatively make it beyond question that such assault was of such character as to remove it from the possible domain of punishment administered for corrective purposes, to instruct the jury

that the proof must show beyond a reasonable doubt that the violence inflicted was not for purposes of restraint or correction. Dowlen v. State, 14 Texas Crim. 61. The burden is upon the State to show such fact and not upon the appellant to show the contrary, and it follows that we do not think that the fact that appellant asked a special charge, correcting the omission of the main charge, to the effect that a parent has the right to inflict moderate punishment upon his child, could be taken by the trial court as supporting the proposition that there was an affirmative claim on the part of appellant of his right to do the things charged against him, and that same were without intent to injure. In the absence of any affirmative evidence on the part of appellant that he did strike or kick said boy intending only to punish, and without intent to injure, issue as to his intent in the acts charged on the 21st, was not joined, and evidence of other transactions showing cruel and inhuman treatment was not admissible. Such evidence was not necessary in the development of the *res gestae* of the transaction of the 21st; was not relied upon by the State as one of the links in a chain of circumstantial evidence, and, as far as we are able to judge, was not admissible under any of the other exceptions to the general rule excluding evidence of extraneous transactions and offenses.

We do not quite understand the State's purpose in selecting a transaction in which the child does not appear to be corroborated by any other testimony than his own, and in not developing to any extent the surroundings and circumstances of the transaction relied upon. Upon another trial if the State so relies, facts should be made to appear showing, as above indicated, that the blow with the fist was one which inflicted injury, or that the kick with the foot was of that character. The presumption to the contrary must be overcome by evidence in order to meet the requirements of the law.

For the error in the admission of the evidence of said separate transaction, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*