ERCY JOHNSON v. STATE.

No. A-9622.   Feb. 29, 1940.
(101 P. 2d 265.)

52

Goode & Goode, of Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Thos. C. Wyatt, Co. Atty., of Shawnee, for the State.

BAREFOOT, J.   The defendant, Ercy Johnson, was charged in the district court of Pottawatomie county with the crime of attempt to kill; was tried, and convicted of the crime of assault with a dangerous weapon, and his punishment assessed at six months in jail, and has appealed.

For reversal of this case it is urged, first, that the court erred in refusing to declare a mistrial on account "of improper and prejudicial examination of the defendant by the county attorney, and improper and prejudicial conduct and remarks of the county attorney." The question asked was: "Q.   (By Mr. Wyatt) Dough, you shot a boy by the name of Rufus, didn't you, and also shot your own son?" The question was objected to by counsel for defendant, and the objection was sustained by the court. And out of hearing of the jury counsel for defendant moved

the court to grant a mistrial because of the fact that the question was prejudicial; the county attorney stating to the court his reason for asking the question. The court stated:

"The testimony offered by the county attorney is incompetent, irrelevant and immaterial and prejudicial to the rights of the defendant, is overruled and will be denied. The objection to the question by the county attorney to the defendant will be sustained."

Then in the hearing of the jury the court instructed them as follows:

"The objection to the question asked by the county attorney will be sustained and the jurors are admonished not to consider the question asked nor any inferences inferred. The rule being, gentlemen, that the defendant is charged in this information for the commission of a crime, and is being tried for that and for nothing else at this time. What he may or may not have done in the past is wholly immaterial in the trial of this case. The jury will be admonished not to consider it."

A case will not always be reversed where the court sustains objection and advises the jury not to consider it. We have recently had this question before us in the case of Crouse v. State, 69 Okla. Cr. 100 P. 2d 467. In that case we said:

"The defendant took the witness stand in his own behalf. He was asked by his attorney if he had ever before been in trouble of any kind. On cross-examination the county attorney asked him, 'Isn't it a fact that back in 1923, you robbed a certain school house and then brought back the stuff, and turned it over to the teacher?' This question was improper but the court sustained an objection to this question, and admonished the jury to not pay the slightest attention to the question, and to dismiss it from their minds completely. Under these circumstances, and the evidence in this case we do not believe the defendant was prejudiced in any way."

The facts in the case of Childs v. State, 68 Okla. Cr. 435, 99 P. 2d 539, were very similar to the facts in the case at bar. The defendant, in the instant case, attempted to plead self-defense, but the facts revealed that he was armed with a pistol as in the Childs Case. He and others were engaged in a crap game in the city of Shawnee. The prosecuting witness was engaged in playing pool in the same room. He had gone to the "snooker table," which was being used for a "crap table," to get change. A controversy arose over the crap game and defendant claimed the "banker" failed to pay ten cents of the amount due one of the crap shooters. The prosecuting witness said: "I wouldn't get in trouble about nothing." And the defendant said: "If you so big why don't you?" That defendant drew a pistol from his pocket. The prosecuting witness grabbed him and the pistol was discharged into the ceiling. They fell to the floor and two or three more shots were fired, one passing through the left hand of defendant and entering the chest of the prosecuting witness. The evidence also revealed that the prosecuting witness stomped defendant in the face while they were on the floor and defendant states that this was the reason for shooting the prosecuting witness. Under this state of facts, and the charge of the court, the jury had the right to find that the defendant was the aggressor, and that he was not entitled to the plea of self-defense. He claimed that he had sent to his home for money, and that when the boy returned, the sack which he brought containing the money also contained the gun. But it was in his coat pocket at the time the difficulty started. Under these circumstances, the action of the court in sustaining an objection to the question, and charging the jury to disregard the same, the defendant was not prejudiced by reason of the asking of this question.

It is next contended that the court erred in striking the testimony of the witness, Helen Johnson, and in giving the following instruction withdrawing it from the jury:

"Gentlemen of the Jury, all the testimony of the witness Helen Johnson is stricken and withdrawn from consideration of the jury, for the reason that it is incompetent. All of the testimony and statements of counsel with reference to the relationship of Helen Johnson and the complaining witness are stricken from the consideration of the jury for the reason that same are wholly immaterial. The jury will be admonished not to consider on deliberation in this case, any of the remarks of counsel and testimony of witnesses with reference to the relationship that existed between the defendant's daughter and the complaining witness."

Evidence had been offered by this witness showing that she was the daughter of the defendant, and that some time before the difficulty he had given her a whipping for going with the prosecuting witness, and she had related this to him, and he had told her "he would see about it." The record reveals that there was some talk that this witness had given birth to a baby, and it was claimed that the complaining witness was the father of this child. When the case was closed the court evidently saw that the relationship between the defendant's daughter and the complaining witness had nothing to do with the difficulty in this case. The evidence fully justified this view. There was no error in striking this evidence from the record and instructing the jury not to consider the same.

Defendant construed this testimony as being a threat upon the part of the prosecuting witness. We hardly think it could be given that construction. It is contended that it was an uncommunicated threat, and that it should have been offered in evidence in order that the jury might

consider the same in determining who was the aggressor in accordance with decisions of this court. We do not think the evidence is such as to bear out this assumption.

It is next urged that the court erred in giving instruction Nos. 10 and 11. Instruction No. 10 was the usual instruction upon the law of self-defense, stating that self-defense, under the law, is a defensive and not an offensive act, and other terms upon which the law of self-defense may be based. The latter part of the instruction stated, "providing he is in a place where he had a right to be and has done no act upon his part to bring about the attack, or threatened attack, if any, by the said Johnie Lee Vaden." It is this last paragraph to which defendant objects. The case of Mulkey v. State, 5 Okla. Cr. 75, 113 P. 532, is relied upon as sustaining this contention. In that case the defendant was in his own home, and the court held that the jury should have been instructed, as a matter of law, that he was in a place where he had a right to be. In view of the punishment given defendant in the instant case, it does not occur to us that the jury was in any way prejudiced against the defendant. There is nothing in the record to indicate that the jury found that he was in a place where he had no right to be. He had possession of a gun in his coat pocket in a public place and certainly under the law he had no right to be so armed with a dangerous weapon in a public place.

Instruction No. 11 was as follows:

"One who shoots another under an apprehension of death or great bodily harm from assault must have been free from fault in bringing on the difficulty in order to justify the shooting. The law of self-defense is given to the citizen for his protection, and it cannot be pleaded as a defense by one who himself is the aggressor, or who enters voluntarily into a difficulty, armed with a deadly weapon, no matter in how much danger he may be placed

in the course of the difficulty nor how imminent his peril may become."

This instruction could have been given in different language, but it states no principle that is not the law. An instruction in almost the same words was approved by this court in the case of Brannon v. State, 24 Okla. Cr. 362, 217 P. 1060. This case distinguished the case of Boyer v. State, 16 Okla. Cr. 388, 183 P. 620, cited by defendant. Bard v. State, 23 Okla. Cr. 309, 214 P. 939.

An examination of all the instructions convinces us that the rights of defendant, under the evidence, were protected. Instructions Nos. 8 and 9 were specially favorable to the defendant.

Finding no substantial error, we are of the opinion that the judgment of the district court of Pottawatomie county should be affirmed, and it is so ordered.

DOYLE, P. J., and JONES, J., concur.