# FRED SMITH v. STATE.

No. A-10162.   July 19, 1944.

(151 P. 2d 74.)

2

4

6

8

**12**

S. E. Dunn, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction, rendered in the district court of Tulsa county in accordance with the verdict of a jury finding the defendant, Fred Smith, guilty of "assault with a dangerous weapon as charged in the information", and assessing his punishment at imprisonment in the State Penitentiary for a term of three years.

The assignments of error relied upon for a reversal of the judgment present two propositions of law: First, that the information is insufficient to support the judgment of conviction, because the facts stated are insufficient to charge a felony, and the insufficiency of the evidence to prove the commission of a felony, and that there is a fatal variance between the information and the proof on the part of the state, in that there was no evidence showing or tending to show that a dangerous weapon, or a weapon of any other kind was used by the defendant in the alleged assault and battery. Citing Moody v. State, 11 Okla. Cr. 471, 148 P. 1055; Wilcox v. State, 13 Okla. Cr. 599, 166 P. 74.

Counsel for the state in their brief say, that in the two cases referred to above, the language used in the information in the case at bar is entirely different, hence, there is no merit in this assignment of error, that this is all

the more apparent when the attention of the court is directed to the following cases: Clemons v. State, 8 Okla. Cr. 452, 128 P. 739; Parks v. State, 14 Okla. Cr. 413, 171 P. 1129; Collins v. State, 22 Okla. Cr. 203, 210 P. 285, 30 A. L. R. 811.

In order to present understandingly the propositions of law presented, the following sections of the Penal Code provide as follows:

"An assault is any wilful and unlawful attempt or offer with force or violence to do a corporal hurt to another." 21 O. S. 1941 § 641.

"A battery is any wilful and unlawful use of force or violence upon the person of another." 21 O. S. 1941 § 642.

"To use or to attempt to offer to use force or violence upon or toward the person of another is not unlawful in the following cases: * * *

"[Third]. When committed either by the party about to be injured, or by any other person in his aid or defense, in preventing or attempting to prevent an offense against his person, or any trespass or other unlawful interference with real or personal property in his lawful possession; provided the force or violence used is not more than sufficient to prevent such offense." 21 O. S. 1941 § 643.

"Every person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year." 21 O. S. 1941 § 645.

"Every person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, airgun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process is punishable by imprisonment in the penitentiary not exceeding ten years." 21 O. S. 1941 § 652.

"Every person who is guilty of an assault with intent to kill any person the punishment for which is not prescribed by the foregoing section, is punishable by imprisonment in the penitentiary for a term not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment." 21 O. S. 1941 § 653.

The only way in which any question was raised as to the sufficiency of the information was by the defendant's motion at the close of the evidence for the state, requesting the court to instruct the jury to acquit him, for the following reasons:

"First: That the evidence does not prove or tend to prove the commission of a felony as alleged in the information;

"Second: For the reason there is a fatal variance between the information and the proof on the part of the state;

"Third: That the evidence does not warrant the court in submitting the case to the jury for the offense charged in the information."

—which motion was overruled and exception taken.

The defendant's motion interposed at the close of the evidence for a directed verdict of acquittal because the evidence is insufficient to prove a felony, and because the crime charged has not been proven, challenges the evi-

dence merely and not the information, and an exception to the overruling of such motion will not authorize a consideration upon appeal of the sufficiency of the information.

What constitutes a judgment roll or record proper is defined by 22 O. S. 1941 § 977, as follows:

"When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had, and must immediately annex together and file the following papers, which constitute a record of the action:

"1st. The indictment and a copy of the minutes of the plea or demurrer.

"2nd. A copy of the minutes of the trial.

"3rd. The charges given or refused, and the indorsements, if any thereon; and,

"4th. A copy of the judgment."

In drawing the information the pleader evidently intended to charge the crime defined by sec. 645, 21 O. S. 1941, supra.

In Odom v. State, 8 Okla. Cr. 540, 129 P. 445, it is said: :

"The jurisdiction of a district court over a felonious assault is not defeated because the information charging the offense may be duplicitous, nor on the theory that county courts under Const. art. 7, § 12, have exclusive jurisdiction of an offense, the commission of which is necessarily included in that charged in the information."

In Wilcox v. State, 13 Okla. Cr. 599, 166 P. 74, 75, this court said:

"The use of a dangerous weapon is what distinguishes the crime of an assault with a dangerous weapon with

intent to do bodily harm from a simple assault. A dangerous weapon is one likely to produce death or great bodily injury by the use made of it, or perhaps it is more accurately described as a weapon which in the manner it is used or attempted to be used endangers life or inflicts great bodily harm. A claw hammer is not per se a dangerous weapon, and especially is it not a dangerous weapon when considered without reference to its use, and a weapon cannot be said as a matter of law to be dangerous without reference to the manner of its use. Bourbonnais v. State, 7 Okla. Cr. 717, 122 P. 1131.

"In the case of Moody v. State, 11 Okla. Cr. 471, 148 P. 1055, it was held that:

" 'An information which intends to charge the offense of assault with a sharp and dangerous weapon with intent to do bodily harm should plead facts which, if conceded, would be sufficient to sustain a judgment of conviction.'

"In the opinion it is said:

" 'The charging part of the indictment was according to the contention of counsel for plaintiffs in error, too indefinite in that it did not describe the plank and designate in what manner it was used; it being their contention that a plank is not per se a deadly weapon; that, not being per se a deadly weapon, the county attorney was required to plead facts sufficient to show the character of the plank and the manner in which it was used, and that the facts so pleaded must show that the instrument used was of the character set out in the statute and used in such manner as to be reasonably calculated to produce serious bodily injury.'

"We are of opinion that the facts stated in the information are insufficient to charge the crime of assault with a dangerous weapon with intent to do bodily harm, and does not allege facts showing that the district court of Pawnee county had jurisdiction. It follows that the motion in arrest of judgment should have been sustained.

"The judgment of the district court is therefore reversed."

In Castleberry v. State, 26 Okla. Cr. 59, 221 P. 1044, 1045, it is said:

"An assault and battery by means of a deadly weapon, in a manner likely to produce death, [as defined by 22 O. S. 1941 § 652] includes the lesser offense of felonious assault with a dangerous weapon, as defined by [21 O. S. 1941 § 645]. * * *

"The procedure so followed by the court was in accordance with the holding of this court in the case of Clemons v. State, 8 Okla. Cr. 452, 128 P. 739. The statute first above quoted includes the lesser degree of assault defined by the latter and also simple assault and battery, and the latter statute also includes simple assault. * * *

"To warrant a conviction based upon either of the statutes hereinbefore quoted, the burden of proof was on the state to show that the instrument used * * * was either a deadly weapon or a sharp and dangerous weapon. An undescribed pocketknife is not a deadly weapon or a dangerous weapon per se."

In Clemons v. State, 8 Okla. Cr. 452, 128 P. 739, cited in the state's brief, this court held:

"On an information based on section (sec. 652, 21 O. S. 1941 supra) of the Penal Code, charging the defendant with assault and battery with a certain knife, said knife being then and there a deadly weapon, in a manner likely to produce death, and with felonious intent to kill, he may properly be convicted of the offense defined by section (21 O. S. 1941 § 653 supra) of 'assault with intent to kill,' or the offense defined by section (21 O. S. 1941 § 645 supra) of 'assault with any sharp or dangerous weapon, with intent to do bodily harm,' and the court should submit the case to the jury for consideration upon every degree of assault which the evidence in any reasonable view of it suggests."

18

Further held:

"A verdict finding 'the defendant guilty of assault with a deadly weapon as charged in the information' is insufficient as to form, and is too vague and uncertain to support a judgment for the highest degree of the offense charged."

In the opinion it is said:

"The language of the information is that the defendant did 'commit the crime of assault with a deadly weapon.' Counsel contend that the word 'battery' being left out of the information in the charging part, the information is not direct and certain as to the offense charged, and is not sufficient to charge the defendant with the offense of which he was convicted and sentenced. The omission of the word 'battery' might have been serious in the face of a demurrer if the battery had not been charged in the body of the information. The Constitution (section 20, Bill of Rights) and the statute [22 O. S. 1941 § 402, sec. 5746, R. L. 1910, 22 O. S. 1941 § 409] both declare the salutary rule of the common law that in a criminal prosecution the accused shall be informed of the nature and cause of the accusation against him, and that the indictment or information must be direct and certain, that is, that it must set forth the special manner of the whole fact, so that it can be clearly seen what particular offense, and not merely what nature of offense, is intended to be charged."

The means prescribed in sections (21 O. S. 1941 § 652 supra, id., sec. 653) are in substance identical, and the material difference arises only in the punishment prescribed. In the first the punishment must be by imprisonment in the penitentiary not exceeding ten years; and the second the maximum is five years, and the punishment may be as for a misdemeanor. In the first, the essential element is an assault and battery by means of a deadly weapon or by such other means or force as is likely to

produce death. In the second, the assault must be with intent to kill. In section 645, 21 O. S. 1941, the essential element is the intent to do bodily harm with any sharp or dangerous weapon. The offenses are of the same character. An assault with intent to kill necessarily includes an assault with intent to do bodily harm; for a person cannot be killed without bodily harm being done, and an assault and battery by means of a deadly weapon necessarily includes an assault with any sharp or dangerous weapon. In Clark v. State, 11 Okla. Cr. 494, 148 P. 676, this court held:

"The constitutional right of a defendant to be informed of the nature and cause of the accusation against him entitles him to insist at the outset, by demurrer and after verdict by motion in arrest of judgment, that the indictment or information shall apprise him of the crime charged with such reasonable certainty that he can make his defense. The question of the sufficiency of the indictment or information must usually be called in question by a motion to set aside or by demurrer before the trial. If the indictment or information states no offense within the jurisdiction of the court, the fact is fatal at any stage of the proceedings and is not waived by a failure to take advantage thereof by motion or demurrer."

In Vineyard v. State, 22 Okla. Cr. 76, 209 P. 783, 784, the court said:

"The information in this case is based upon the second subdivision of section (21 O. S. 1941 § 652) and charges an assault and battery with intent to kill by cutting, stabbing, wounding, and injuring the prosecuting witness with a knife. That an assault and battery necessarily includes an assault needs the citation of no authority. That an intent to kill would necessarily include an intent to do bodily harm is equally apparent. It follows that, on a charge of assault and battery with intent to kill with a deadly weapon, or other means or force

likely to produce death, as defined by section 2336, Revised Laws 1910 (21 O. S. 1941 § 652), one may be convicted of assault with intent to do bodily harm with any sharp or dangerous weapon, as defined by section 2344, Revised Laws 1910. (21 O. S. 1941 § 645.) The view here taken is supported by the opinion in the case of Russell v. State, 9 Okla. Cr. 692, 133 P. 475, and also by the opinion in Parks v. State, 14 Okla. Cr. 413, 171 P. 1129." De Witt v. State, 58 Okla. Cr. 261, 52 P. 2d 88; Johnson v. State, 69 Okla. Cr. 51, 101 P. 2d 265.

In Gober v. State, 25 Okla. Cr. 145, 219 P. 173, 174, the information charged:

" 'That defendant wrongfully and feloniously committed an assault and battery upon G. A. Wahl by such means and force as is likely to produce death.'

"And the information proceeds to set out specifically the acts constituting such means and force in the following language, to wit:

" 'With heavy leather shoes on the feet of the said James R. Gober, he (the said James R. Gober) did violently kick and strike, beat and wound the stomach, bladder, intestines, groin, and body of the said G. A. Wahl, with such force as is likely to cause death, and with the intent of him (the said James R. Gober) to kill the said G. A. Wahl.' "

Matson, P. J., in the opinion says:

"It is immaterial under the statute whether or not a deadly or dangerous weapon is used provided, of course, that the force used is likely to produce death and the intent of the defendant at the time is to kill. It then becomes a question of fact for the jury to determine whether or not the force used is such as is likely to produce death, and whether or not the defendant intends to kill by the use of such force.

"We are of opinion, therefore, that the information sufficiently charges the crime of assault and battery with

intent to kill by means other than a deadly weapon, but by such force as is likely to produce death, and that it was sufficient, therefore, to confer jurisdiction upon the district court to try this offense."

The jury returned their verdict finding the defendant guilty of assault and battery. Punishment was assessed at a fine of $50 and costs.

In the case of Parks v. State, supra, cited by counsel for the state, this court held:

"Where the information attempts to charge an assault with a dangerous weapon as provided in section 2344, Rev. Laws 1910 (sec. 645, 21 O. S. 1941), and the proof both on the part of the state and the defendant shows the commission of the felonious degree of assault and battery as defined by section 2336 (sec. 652, 21 O. S. 1941), or some lesser grade of assault and battery, there is a fatal variance between the allegations and the proof, and upon proper motion the court should advise the jury to acquit upon the ground of variance, and direct a prosecution to be commenced for the higher grade of offense."

In the opinion, Judge Matson speaking for the court says:

"The first part of section 2344 (21 O. S. 1941 § 645, supra) makes it a felony to commit an assault upon a person with any sharp or dangerous weapon with intent to do bodily harm, and without justifiable or excusable cause; the second part makes it an offense to shoot at another, or to attempt to shoot at another, with any kind of firearm or air gun or other means whatever, with the same intent and without intent to kill and without justifiable or excusable cause. The language of said section, therefore, cannot with reason be construed as broad enough to include assaults and batteries, made with sharp and dangerous weapons, or by firearms, but such offenses would be included within section 2336, Revised Laws 1910, which provides." Quoting 21 O. S. 1941 § 652, supra.

And concludes as follows:

"At the close of the introduction of evidence on the part of the state, the defendant interposed what was styled a 'demurrer to the evidence' on the grounds: '(1) That the evidence did not warrant the court in submitting the case to the jury for any offense charged in the information; and (2) for the reason that there was a fatal variance between the information and the proof on the part of the state.' We are of the opinion that the trial court, upon the presentation of said motion or demurrer, should have instructed the jury to return a verdict of 'not guilty by reason of variance between charge and proof,' as provided in section 5921, Revised Laws 1910 (22 O. S. 1941 § 914) and should have ordered defendant held for trial under a new information, as provided by section 5930, Revised Laws 1910" (22 O. S. 1941 § 923).

In Harris v. State, 15 Okla. Cr. 369, 177 P. 122, this court held:

"Where the information, by reasonable intendment only, charges an assault with intent to kill, and the proof both on the part of the state and the defendant shows that a battery was committed in addition to the felonious assault, upon proper motion, the court should advise the jury to acquit upon the ground of variance and direct that the defendant be held to answer the higher offense."

In the opinion it is said:

"The motion interposed by counsel for the defendant, while not in proper form, was sufficient to call the attention of the trial court to the contention that there was a fatal variance between the allegations of the information and the proof adduced upon the trial. The court should have instructed the jury to return a verdict of not guilty by reason of a variance between the allegations of the information and the proof, and a new prosecution should have been commenced charging the defendant with the higher offense, which procedure is authorized by sections

5921 and 5930, Revised Laws 1910" (22 O. S. 1941 §§ 914 and 923).

In 4 Am. Jur., Assault and Battery, sec. 34, p. 145, it is said:

"The question most frequently arising on a prosecution for assault with a dangerous weapon is whether the weapon used comes within the meaning of a dangerous or deadly weapon. A dangerous or deadly weapon may be defined to be any instrument which will cause death or great bodily injury when used in the ordinary and usual manner contemplated by its design and construction. . . . There are many instruments that may be employed by one person in committing an assault or an assault and battery on another which, in their ordinary and usual use, are not likely to inflict death or great bodily injury, and when such instruments are used, their character in the particular instance must be determined by all the circumstances surrounding the transaction, for it is well settled that a weapon may be deadly or dangerous although not especially designed or constructed for offensive or defensive purposes, or for the destruction of life or the infliction of injury."

In the case of Wilson v. State, 162 Ark. 494, 258 S. W. 972, 33 A. L. R. 1182, the Arkansas Supreme Court held:

"The fist, or foot covered with an ordinary shoe, is not a deadly weapon within the law of aggravated assault."

In the opinion it is said:

"The only contention of appellant is that the evidence was not sufficient to sustain the verdict. The undisputed testimony tends to show that the appellant inflicted the injuries by striking and beating Post with his fist and by kicking him in the face and side. Appellant contends that this testimony does not sustain the verdict finding appellant guilty of an aggravated assault, for the reason that no deadly weapon was used. Appellant is correct in this contention."

Annotation, Id. p. 1187, cites the case of Walden v. State, 89 Tex. Cr. R. 464, 232 S. W. 523.

In Collins v. State, 22 Okla. Cr. 203, 210 P. 285, 30 A. L. R. 811, cited in state's brief, syllabus one is as follows:

"As a matter of law, a walking cane is not per se a deadly weapon. In this case it was a question of fact for the jury."

In the opinion it is said:

"Axes, hammers, whips, brickbats, canes, clubs, or sticks of wood, as a matter of law, are not ordinarily deadly weapons, but they may as a matter of fact become weapons of a very deadly character. Notes to Crow v. State, supra [55 Tex. Cr. 200, 116 S. W. 52, 21 L. R. A., N. S. 497]; Allen v. United States, 157 U. S. 675, 15 S. Ct. 720, 39 L. Ed. 854, 2 Words and Phrases, [First Series], 1853; 1 Words and Phrases, Second Series, 1203.

"Many and various definitions of the term 'dangerous weapon' may be found in the law books, but, like many other simple terms, we find no definition susceptible of general application that explains or elucidates the meaning of the term any better than the use of the words without explanation."

(See note on this question 30 A. L. R. beginning on page 815.)

In Ex parte Carson, 33 Okla. Cr. 198, 243 P. 260, this court held:

"Under the rule of 'ejusdem generis,' as applied to statutory construction, where an enumeration of specific things is followed by some general word or phrase, such general word or phrase is restricted and explained by the specific things enumerated, and the general word or phrase refers to things of like character."

In the case of Ingram v. State, 51 Okla. Cr. 143, 3 P. 2d 736, 737, syllabus one is as follows:

"Where words of general import and of specific and limited signification are followed by general words, the general words will be construed as embracing only such persons, places, and things as are of like kind or class to those designated by the specific words."

We may here remark, that the Hon. James S. Davenport, one of the judges of this court, having disqualified in the Ingram Case, the Governor appointed Hon. Prentiss E. Rowe, special judge, who delivered the opinion of the court. Judge Rowe was presiding judge on the trial of this case.

Under the rule the words "other means whatever," within section 645, supra, refer only to other weapons of like kind or class to those designated.

It will be observed that the language of the information is that the defendant did "Commit an assault with a dangerous weapon upon the person of another," then in the charging part alleges a felonious assault and battery to have been committed by means other than any dangerous weapon, but with force and violence, and proceeds to set out specifically the acts constituting such assault and the battery inflicted, but fails to allege "although without intent to kill such person, or to commit any felony" as defined within the definitions of section 645 supra, which offense was not included within the allegations of the information in this case.

The Code of Criminal Procedure, sec. 402, 22 O. S. 1941, provides:

"The indictment or information must be direct and certain as it regards:

"1. The party charged.

"2. The offense charged.

"3. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense. R. L. 1910, § 5739."

The sixth and seventh subdivisions of section 409, id., provide:

"6. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended.

"7. That the act or omission charged as the offense, is stated with such a degree of certainty, as to enable the court to pronounce judgment upon a conviction according to the right of the case. R. L. 1910, § 5746."

Section 916, 22 O. S. 1941, provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense. R. L. 1910, § 5923."

Under this section, the court has jurisdiction over any offense included in that set forth in the information, when such included offense is an essential element of the offense charged or of an attempt to commit the offense.

In Roddie v. State, 19 Okla. Cr. 63, 198 P. 342, 348, it is said:

"The phrase 'great bodily injury,' is difficult to define, for the reason that it well defines itself. It means a 'great bodily injury,' as distinguished from one that is slight or moderate, such as would ordinarily be inflicted by an assault and battery with the hand or fist without a weapon. . . .

"We think the better practice is for the courts not to attempt to define the words 'great personal injury' as used

in the statute, or the phrase 'serious bodily injury' or 'great bodily injury.' These words and phrases define themselves and are used in their ordinary sense in common acceptance among the people, and need no explanation from the court in its charge to the jury."

The information here is labeled and designated "Information for assault with a dangerous weapon," and charges the offense to have been committed by means other than a dangerous weapon. It charges a felonious assault and battery upon the person of another by kicking with heavy shoes had and worn on his feet and with force and violence striking with his fist, breaking her jaw, and otherwise bruising and wounding her, he, the said Fred Smith, being a stout strong young man, with the unlawful and felonious intent to do Mrs. Charles E. Smith great bodily harm and injury. It will be observed that it does not allege "although without intent to kill such person or to commit any felony."

For the reasons stated and the conclusions reached, we are of the opinion that the information sufficiently charged a felonious assault and battery by means other than a dangerous weapon, but by such force and violence as to inflict great bodily injury, or at least an attempt to commit the crime of assault and battery by such other means or force as is likely to produce death, under the Third provision of section 652 supra. The information was sufficient, therefore, to confer jurisdiction upon the district court to try the case.

To authorize a judgment, a general verdict of guilty as charged in the information must respond to the issues submitted to the jury. Its sufficiency is determined by ascertaining whether it is responsive to or covers the offense charged, or an offense necessarily included in the information. It must contain by reference to the infor-

mation, every material element of the offense charged. A general verdict of guilty, in manner and form as charged in the information, is a special finding of each element of the crime as charged, and is sufficient.

The motion interposed by the defendant at the close of the evidence on the part of the state, while not in proper form, was sufficient to call the attention of the trial court to the contention that there was a fatal variance between the allegations of the information and the proof adduced upon the trial.

Our Code of Procedure provides:

"When the defendant is acquitted on the ground of variance between the charge and the proof, the verdict must be 'not guilty by reason of variance between charge and proof.'" 22 O. S. 1941 § 914.

And further provides that when the acquittal is for a variance between the proof and the information, which may be obviated by a new information, the court may direct the defendant's detention to the end that a new information may be preferred in the same manner and with like effect as provided in cases where the jury is discharged. 22 O. S. 1941 § 923.

It follows that the trial court should have sustained the defendant's motion for a directed verdict of acquittal on the ground of variance between the allegations of the information and the proof on the part of the state, and should have instructed the jury to return a verdict of "not guilty by reason of variance between charge and proof", as authorized by 22 O. S. 1941 §§ 914 and 923.

It is so well settled as to be elementary that questions involving the jurisdiction of the trial court may be raised for the first time on appeal. Signs v. State, 35 Okla. Cr. 340, 250 P. 938.

Fundamental error which can be considered on appeal without objection or exception is error which goes to the foundation of the case or which takes from a defendant a right essential for his defense. Where it appears, and justice requires, this court will consider it whether or not exceptions were taken in the court below, or whether or not it is assigned as error on appeal.

Where the defects as shown by the record proper, as in this case, go to the jurisdiction of the court, or the sufficiency of the information to support the judgment of conviction, this court will examine into such questions, although presented for the first time in this court, unless they have been expressly waived by the accused.

It appears from the properly certified judgment roll or record proper (22 O. S. 1941 § 402, supra) that the information is clearly insufficient to support the judgment appealed from.

It follows, from the foregoing review, and what has been said, that this case was tried and submitted to the jury upon an erroneous theory of the law, prejudicial to the substantial rights of the defendant, in that the information does not state facts sufficient to constitute the offense of assault with a dangerous weapon with intent to do bodily harm, or of any offense which is necessarily included within said offense, as defined by Penal Code, sec. 645, supra.

Other questions are presented, but we forbear from further discussion of this case.

For the reasons stated, the judgment appealed from is reversed and the case remanded to the district court of Tulsa county for proceedings not inconsistent with this opinion.

BAREFOOT, J. (concurring). I concur in the conclusion that this case should be reversed and remanded.

I am of the opinion that the evidence was insufficient to sustain the allegations of the information. as to an "assault with a dangerous weapon," but am of the opinion, as stated in the opinion, that the district court had jurisdiction under the allegations of the information, as against a demurrer to the evidence, and that having obtained jurisdiction, the offense of assault and battery as an included offense could have been sustained. Moody v. State, 11 Okla. Cr. 471, 148 P. 1055.

That by reason of title 22, O. S. 1941 § 914, which provides: "A general verdict upon a plea of not guilty, is either 'guilty,' or 'not guilty,' which imports a conviction or acquittal of the offense charged. * * * When the defendant is acquitted on the ground of variance between the charge and the proof, the verdict must be 'not guilty by reason of variance between charge and proof.'", this case should be reversed and remanded to the end that an information may be filed by the county attorney against the defendant as he deems advisable. Harris v. State, 15 Okla. Cr. 369, 177 P. 122; Parks v. State, 14 Okla. Cr. 413, 171 P. 1129.

JONES, P. J. (dissenting). I think the evidence on behalf of the state was sufficient to raise an issue of fact for the determination of the jury, under proper instructions, as to whether the injuries sustained by the prosecuting witness were of such nature that the weapon used by the accused would come under the definition of a "dangerous weapon" from the manner of its use, as has been many times defined by this court.

I agree that a pair of shoes are not dangerous weapons per se, but in this case the manner of their use in

stomping and kicking an unarmed woman was sufficient, in my opinion, to require this court to hold that the evidence was sufficient to sustain the conviction.

I could unduly lengthen this dissent by presenting the arguments which are contrary to those stated in the opinion, but it is sufficient to refer to Ponkilla v. State, 69 Okla. Cr. 31, 99 P. 2d 910; Bean v. State, 77 Okla. Cr. 73, 138 P. 2d 563; Beck v. State, 73 Okla. Cr. 229, 119 P. 2d 865; Tipler v. State, 78 Okla. Cr. 85, 143 P. 2d 829.

For these reasons, I respectfully dissent.