Eddy D. GRAYSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–764.

Court of Criminal Appeals of Oklahoma.

Dec. 22, 1987.

Rehearing Denied Jan. 20, 1988.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Eddy D. Grayson, was charged by information in the District Court of LeFlore County, Case No. CRF–85–14, with the crime of Assault and Battery with the Intent to Kill (21 O.S.1981, § 652). A jury trial was held and a verdict of guilty on the lesser-included offense of Assault and Battery with Intent to do Bodily Harm was returned. In accordance with the jury's verdict, the appellant was sentenced to ten (10) years imprisonment. From this judgment and sentence, the appellant has perfected this appeal. We affirm.

Appellant met Lisa Hodel, the mother of three children, around Thanksgiving of 1984. On January 20, 1985, Hodel took her two oldest children to her sister's wedding. She left her twenty-month old son, A.J., with the appellant. Apparently, A.J. had developed a fever and she did not want to take him out of the house. About five

hours later, she returned to find A.J. kicking his legs, gritting his teeth and making whining noises. His eyes were open, but were rolled back. Appellant claimed that A.J. had fallen out of a chair and hit his head on the cement floor. Hodel asked a neighbor, who had medical training, to see if A.J. needed medical attention. The neighbor informed her that A.J. was seriously injured and needed immediate attention. Appellant then drove Hodel and A.J. to the hospital.

The emergency room physician testified that A.J. was in a semi-comatose condition and responded only to painful stimuli. He had fresh bruises on his head and ear, and an older bruise in the middle of his chest. He also had small pinpoint hemorrages along the front of his neck, which indicated strangling. The doctor stated that the strangling had occurred within the last twenty-four hours. After examining the child, the physician called SCAN, an agency which investigates suspected child abuse and neglect.

After an investigation, criminal charges were filed against both Hodel and the appellant. Hodel pled guilty to two unrelated charges of child abuse. Appellant was charged with the strangling of A.J. At trial, two witnesses testified that A.J. was notably frightened of the appellant. One witness testified that on one occasion, the appellant remarked that he disliked A.J. and would like to "choke the little bastard."

■ As his first assignment of error, appellant claims that he was convicted of a crime that does not exist in Oklahoma. He was convicted of Assault and Battery with the Intent to do Bodily Harm. This proposition must fail as this Court has repeatedly held this offense to be a lesser-included offense of Assault and Battery with Intent to Kill. *See* 21 O.S.1981, § 652; *Bailey v. State*, 536 P.2d 985, 986 (Okla.Crim.App. 1975). This Court reasoned in *Smith v. State*, 79 Okl.Cr. 1, 151 P.2d 74, 83 (1944):

An assault with intent to kill necessarily includes an assault with intent to do bodily harm; for a person cannot be killed without bodily harm being done …

That an assault and battery necessarily includes an assault needs the citation of no authority. That intent to kill would necessarily include an intent to do bodily harm is equally apparent.

Because the crime of which appellant was found guilty is a lesser-included offense of assault and battery with the intent to kill, the first proposition is without merit.

■ Appellant next asserts that there was insufficient evidence to support the verdict. He argues that the only reasonable theory as to the child's injuries is that Hodel choked him. The appropriate standard when reviewing the sufficiency of evidence was stated in *Roberts v. State*, 715 P.2d 483, 485 (Okla.Crim.App.1986):

[A]fter reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Spuehler v. State*, 709 P.2d 202 (Okla.Crim.App. 1985).

There was ample evidence in the record from which the jury could conclude that the appellant was the perpetrator of the crime. This proposition is meritless.

■ As appellant's third assignment of error, he alleges that the trial court erred in overruling his motion to disclose the deal made with Hodel. We agree that nondisclosure of evidence which affects the credibility of a witness may warrant a new trial as it is the equivalent of suppression of exculpatory evidence. *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1971). However, after reading the transcripts, it is unclear whether or not there was an agreement between the State and Hodel. The only testimony that indicates such an agreement may have existed was that of the appellant. The State never concedes that a bargain was made.

Moreover, appellant's counsel failed to cross-examine Hodel regarding this alleged bargain. She testified that she pled guilty to two counts of child abuse. At no time did she indicate a bargain had been made in return for these guilty pleas. The record is simply void in this regard. Because the

burden to make an adequate record rests with the appellant, and he has failed to meet this burden, his contention is not properly before this Court. *Guthrie v. State,* 679 P.2d 278, 280 (Okl.Crim.App. 1984).

■ Appellant next argues that the trial court erred by admitting photographs of A.J. while in the hospital. Admittedly, these three photographs depict a heartbreaking scene of a very sick child with several large bruises, and various tubes running from his body. However, these photographs are admissible if their probative value outweighs their prejudicial effect. *Glidewell v. State,* 626 P.2d 1351, 1353 (Okla.Crim.App.1981). Absent an abuse of discretion, the ruling of the trial court will not be disturbed. *Assadollah v. State,* 632 P.2d 1215, 1217 (Okla.Crim.App. 1981).

Here, the photographs serve to corroborate the testimony of several witnesses. They also indicate the various injuries suffered by A.J., and tend to refute the appellant's theory of "unfortunate accident." Therefore, this assignment of error is without merit.

■ As his next assignment of error, appellant urges that reversible error occurred when the trial court limited the cross-examination of Pam Gates. Gates was called by the State, and testified that she was asked by Hodel to check A.J. When she arrived, A.J. was being held by the appellant. Appellant tossed him on the couch and said, "These damn f——g kids." When this testimony was illicited at trial, defense counsel attempted to impeach her because she had not referred to this statement at the preliminary hearing. The State objected to this form of impeachment and the objection was sustained.

The extent of cross-examination rests within the sound discretion of the trial court. *Hall v. State,* 698 P.2d 33, 36 (Okla. Cr.App.1985). Appellant argues that the trial court abused its discretion by refusing to allow impeachment in this manner as it falls within the category of prior inconsistent statements. *See* 12 O.S.1981, § 2613.

We cannot agree. Gates had not made a prior statement which was in conflict with her trial testimony. She was not asked at the preliminary hearing about any statements made by the appellant. Under these circumstances, the trial court properly prevented this method of impeachment. Also, it is important to note that the appellant was not prevented from using other methods to impeach the witness.

■ Finally, appellant contends that comments made by the prosecutor during closing arguments deprived him of a fair trial. As no objections were imposed by the defendant, only fundamental error warrants reversal. *Henderson v. State,* 716 P.2d 691, 692 (Okla.Crim.App.1986). Initially, appellant complains that the prosecutor misstated the evidence. While this Court will not tolerate a "misstatement" of evidence, counsel for both the State and the defense may discuss fully their interpretation of the evidence, and the inferences arising therefrom. *See Langdell v. State,* 657 P.2d 162, 164 (Okla.Crim.App.1982). After reviewing the prosecutor's statements regarding the evidence, we find no error.

■ Appellant also complains of comments made by the prosecutor concerning the lesser-included offenses of assault and battery with intent to kill:

All along, Mr. Sanders hammered away that the State has failed to prove any elements. Why bother to discuss the Assault and Battery with Intent to do Bodily Injury, or Bodily Harm?

Why in the world would Mr. Sanders address the question of these other offenses, or for the penalties such as the ten year maximum for Assault and Battery with Intent to do Great Bodily Harm, or one year in the County jail, one day he throws around, ten days he throws out. Why would he even—Why would he even discuss that with you people when he insists in the first part of his argument that we have completely failed to prove the case? Saying we haven't

proven one element. Is that because they really understand what this evidence proves, and they really understand what's likely to happen?

Again no objections were made. We find no fundamental error, especially in light of the jury's verdict which found appellant guilty of the lesser-included offense of Assault and Battery with Intent to do Bodily Harm.

Having found no error warranting reversal or modification, the judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.