## JOHN R. COWAN v. STATE.

No. A-187.   Opinion Filed April 4, 1911.

(114 Pac. 627.)

1. **WITNESSES—Impeachment—Conviction of Former Offense.**
Where a defendant voluntarily takes the witness stand in his own behalf, it is entirely proper to permit the state for the purpose of affecting his credibility as a witness, to show on cross-examination that he was previously convicted of a felony, or any offense which indicates moral turpitude.

2. **WITNESSES—Cross-Examination of Accused—Reputation for Peace.** If a defendant, when upon the witness stand in his own behalf, places his reputation for peace in issue, or testifies that he had never before been charged with or convicted of fighting or assaulting others, the state, on cross-examination, may go fully into these matters.

3.     APPEAL—Record—Sufficiency.  If a defendant desires to bring
a case here upon appeal, he must at least bring up enough of
the proceedings of the lower court to enable this court to pass
intelligently and safely upon the questions presented for decision.

(Syllabus by the Court.)

*Appeal from District Court, Bryan County; D. 'A. Richardson,
Judge.*

John R. Cowan was convicted of assault to do bodily harm,
and appeals.  Affirmed.

*McPherren & Abbott* and *J. Q. A. Harrod,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE.  What purports to be the case-
made and transcript of the record in this case omits the testi-
mony of the witnesses offered on the trial of this case, and also
the instructions of the court to the jury.  On page 3 of the case-
made we find what purports to be a part of the cross-examination
of the defendant.  Over the objection of appellant, he was com-
pelled to testify that he had previously been convicted and sen-
tenced to the penitentiary for five years on a charge of swindling.
As the defendant had voluntarily taken the witness stand, for
the purpose of affecting his credibility as a witness, it was entirely
proper for the state to show on cross-examination that he had
previously been convicted of a felony or of any offense which in-
dicates moral turpitude.  See *Slater v. United States,* 1. Okla. Cr.
275, 98 Pac. 110.

The defendant also stated on cross-examination that he had
pleaded guilty to fighting three or four times in his life.  This
evidence was received over the defendant's objection and exception.
This might or might not have been error.  We are prohibited by
statute from reversing a conviction upon any error or exception
which did not deprive the defendant of a substantial right.  The
common-law doctrine of a strict construction of penal laws has no
application to the laws of Oklahoma.  The doctrine that error
presumes injury has no place in our criminal jurisprudence.  Un-

der statutory provision, and upon the repeated decisions of this court, before a defendant can secure a reversal of a conviction against him he must show that on the trial of the cause he was deprived of some substantial right. In other words, in this court the burden is upon the appellant to show both error and injury. The presumption is that the rulings of the trial court are correct until the contrary appears.

We could not determine the question as to whether or not the trial court erred in forcing the defendant to testify as to the number of times on which he had pleaded guilty to fighting, unless we had all the evidence in the record before us. If, on examination in chief, appellant had placed his reputation for peace in issue, or had stated that this was the first time that he had been charged with an offense of this kind, and that he had never been convicted of fighting or assaulting others, then the ruling of the court in this matter would have been entirely proper. The duty was upon appellant to show that this had not been done before we could determine as to whether the trial court had committed error in this matter. While evidence of this character might be improper under some conditions, yet under other conditions it would be admissible and proper. To hold that the trial court erred in this particular would be to allow appeals on detached and unconnected parts of the testimony or other proceedings in the court below, which on their face might appear to be erroneous, yet, which, in the light of the entire case, would be entirely proper and harmless. We cannot allow this kind of practice to grow up in Oklahoma. An appellant must at least bring up enough of his case to enable us to pass intelligently and safely upon the questions presented for decision.

The indictment and judgment of the court are in all respects regular.

The judgment of the lower court is therefore affirmed.

ARMSTRONG and DOYLE, Judges, concur.