## JAMES R. GOBER v. STATE.

No. A-4283. Opinion Filed Oct. 29, 1923.
(219 Pac. 173.)
(Syllabus.)

1. **Homicide—Information for Assault with Intent to Kill Sufficient.** For information held sufficient to charge assault and battery with intent to kill by means of force likely to produce

death, see body of opinion.

2. **Statutory Provisions.** Section 1756, Comp. St. 1921, sets out four different means by which the crime there defined may be committed: First, by shooting or attempting to shoot at another; second, by assault and battery by means of a deadly weapon; third, by assault and battery by means other than a deadly weapon, but by such force as is likely to produce death; fourth, by assault and battery in resisting the execution of any legal process.

3. **Homicide—Information for Assault with Intent to Kill Held not Required to Describe Weapon.** Where the information charges the offense under the third division above stated, it is not necessary to allege the means used to have been a deadly weapon, or to describe any weapon used, except where necessary to set out the acts constituting "force likely to produce death."

4. **Same—Sufficiency of Information.** Where the information sets out the acts alleged to constitute "force likely to produce death" in such manner as to enable the defendant to know what is intended to be charged against him, and further alleges that such acts were perpetrated "with intent to kill," it is sufficient to charge the offense of assault and battery with intent to kill, under the third division of section 1756, Comp. St. 1921.

5. **Same—Force Used and Intent to Kill, Questions of Fact.** Whether the force used was such "as likely to produce death" and whether or not the intent was to kill are questions of fact for the jury.

6. **Trial—Instructions Construed as a Whole Sufficient.** Where the instructions as a whole are a fair and full exposition of the law of the case, and not misleading or contradictory, they are sufficient.

Appeal from District Court, Ellis County; T. P. Clay, Judge.

James R. Gober was convicted of assault and battery, and he appeals. Affirmed.

C. B. Leedy, T. R. Blaine, and Perry J. Morris, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty.

Gen., for the State.

MATSON, P. J. This is an appeal from a judgment of conviction of the crime of assault and battery rendered in the district court of Ellis county on the 10th day of October, 1921. Punishment was assessed at a fine of $50 and costs. Case-made and petition in error were filed in this court on the 7th day of April, 1922. Whatever comment on the facts is deemed necessary will be stated in concluding the opinion.

It is first contended that the trial court erred in overruling the demurrer of the defendant to the information, and also in overruling his motion in arrest of judgment. These assignments of error are based on the contention that the information is insufficient to state facts constituting a felony under the laws of this state. The charging part of the information is as follows:

"Now comes Harry C. Brownlee, the duly elected, qualified and acting county attorney in and for the county of Ellis and state of Oklahoma, and gives the court to know and be informed that on the 13th day of February in the year of our Lord one thousand nine hundred and twenty-one (1921), at and within the county of Ellis and state of Oklahoma, one James R. Gober did then and there unlawfully, willfully, intentionally, wrongfully, and feloniously commit an assault and battery upon one G. A. Wahl by such means and force as is likely to produce death, to wit, with heavy leather shoes on the feet of the said James R. Gober, and with which said shoes on the feet of the said James R. Gober he (the said James R. Gober) did violently kick and strike, beat and wound the stomach, bladder, intestines, groin, and body of the said G. A. Wahl, with such force as was likely to cause death, and with the intent of him (the said James R. Gober) to injure and kill the said G. A. Wahl, said defendant then and there being a robust, powerful man of about 225 pounds in weight, and the said G. A. Wahl be-

ing then and there a weakly slender man of 132 pounds in weight, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the state.''

In drawing the information the pleader evidently intended to charge the crime defined by section 1756, Compiled Statutes 1921:

''Any person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, air gun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding ten years.''

It is contended that the information is fatally defective in that ''it does not state or show that the means used or manner thereof, and the amount of force used, were of such character as was reasonably calculated to cause death; that, where the means or instruments themselves which are or may be used are not deadly weapons per se, then a sufficient description of such instruments, weapons, or means used, and the character thereof, together with the manner in which such weapons, means, or instruments are used, must be pleaded in the information, or else it is fatally defective.''

Section 1756, supra, sets out four different means in which the crime there defined may be committed: First, by shooting or attempt to shoot at another; second, by assault and battery by means of a deadly weapon; third, by assault and battery by means other than a deadly weapon, but by such force as is likely to produce death; fourth, by assault and battery in resisting the execution of any legal process.

The information here attacked charged the offense to

have been committed by means other than a deadly weapon, but by force likely to produce death, so that the decisions of this court relative to the description of a weapon, where the same is not per se deadly, where it is alleged that the assault and battery was committed by means of a deadly weapon, are not in point in attacking this information.

The sixth subdivision of section 2563, Compiled Statutes 1921, relative to the sufficiency of an indictment or information, provides that the indictment or information is sufficient if, among other things, "the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." Section 2556, Id., provides that an indictment or information must be direct and certain: First, as to the party charged; second, as to the offense charged; third, as to the particular circumstances of the offense charged, when they are necessary to constitute a complete offense. The information here charged:

"That defendant wrongfully and feloniously committed an assault and battery upon G. A. Wahl by such means and force as is likely to produce death."

And the information proceeds to set out specifically the acts constituting such means and force in the following language, to wit:

"With heavy leather shoes on the feet of the said James R. Gober, he (the said James R. Gober) did violently kick and strike, beat and wound the stomach, bladder, intestines, groin, and body of the said G. A. Wahl, with such force as is likely to cause death, and with the intent of him (the said James R. Gober) to kill the said G. A. Wahl."

It is immaterial under the statute whether or not a deadly or dangerous weapon is used, provided, of course,

that the force used is likely to produce death and the intent of the defendant at the time is to kill. It then becomes a question of fact for the jury to determine whether or not the force used is such as is likely to produce death, and whether or not the defendant intends to kill by the use of such force.

We are of opinion, therefore, that the information sufficiently charges the crime of assault and battery with intent to kill by means other than a deadly weapon, but by such force as is likely to produce death, and that it was sufficient, therefore, to confer jurisdiction upon the district court to try this offense.

Certain objections are made to the instructions of the trial court. We have examined the instructions as a whole, and consider them as a fair and full exposition of the law of the case without prejudice to any substantial right of the defendant. The evidence on the part of the state proves a very aggravated case of assault and battery, and while defendant at the time was a city marshal of the town of Shattuck, Okla., there is very little evidence in the record that would excuse or justify the severe kicking and bruising inflicted upon the man Wahl. The defendant was a man weighing about 100 pounds more than Wahl, and, no doubt, could have easily handled him, were it necessary, without resort to extreme violence. We find nothing in the record of the evidence to induce this court to look with favor upon this appeal. That defendant was convicted only of the included misdemeanor and punished by fine without imprisonment should furnish occasion for rejoicing rather than cause for complaint.

The judgment is affirmed.

BESSEY and DOYLE, JJ., concur.