CLETUS JONES et al. v. STATE.

No. A-7115.   Opinion Filed Feb. 15, 1930.
(287 Pac. 1073.)

E. W. Schenk, for plaintiffs in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.    This is an appeal from the district court of Carter county, wherein the plaintiffs in error, hereinafter called defendants, 'were convicted of the crime of assault and battery and each sentenced to serve a term of 30 days' imprisonment in the county jail and pay a fine of $25.

The evidence on the part of the state shows that the defendant Jones made an assault upon one Oscar Thorson on a public street of Healdton, knocking Thorson down and rendering him unconscious, and then proceeded to kick and stomp him with his feet with heavy shoes thereon, and that defendant Gravitt, who is the father-in-law of Jones, aided, encouraged, and abetted Jones in this assault.

The defendants contend that the information is insufficient to charge an offense over which the district court of Carter county had jurisdiction, because the information only charged a misdemeanor and not a felony. The charging part of the information reads as follows:

"That, Cletus Jones and Mack Gravitt on the day and year aforesaid, and in the county and state aforesaid, did unlawfully, wilfully, wrongfully, intentionally and feloniously make an assault and battery in and upon one Oscar Thorson with his fists in such a manner as to render the said Oscar Thorson unconscious, and did then and there with his feet kick, and stomp the said Oscar Thorson in and upon the face, head, neck and body of the said Oscar Thorson with such force as was likely to produce the death of the said Oscar Thorson with the unlawful and felonious intention then and there upon the part of them, the said

Cletus Jones and Mack Gravitt to kill the said Oscar Thorson."

Defendants were prosecuted under section 1756, C. O. S. 1921, which reads as follows:

"Any person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, airgun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding ten years."

It is argued that the information fails to charge a felony, for the reason that the force alleged to have been used was only applied by the hands and feet, and that, under section 1756, supra, the force condemned therein is "a force outside of the natural force of hands and feet."

The question raised by counsel was before this court in the case of Gober v. State, 25 Okla. Cr. 145, 219 Pac. 173. At page 149 of 25 Okla. Cr., 219 Pac. 174, in the body of the opinion, this court said:

"It is immaterial under the statute whether or not a deadly or dangerous weapon is used provided, of course, that the force used is likely to produce death and the intent of the defendant at the time is to kill. It then becomes a question of fact for the jury to determine whether or not the force used is such as is likely to produce death, and whether or not the defendant intends to kill by the use of such force. We are of opinion, therefore, that the information sufficiently charges the crime of assault and battery with intent to kill by means other than a deadly weapon, but by such force as is likely to produce death, and that it was sufficient, therefore, to confer jurisdiction upon the district court to try this offense."

190

The information in the case at bar is, in substance, identical with the information in Gober v. State, supra, and was sufficient to charge the defendants with a felony.

The fact that the jury found the defendant guilty of assault and battery would not in any wise affect the sufficiency of the information to charge an offense within the jurisdiction of the district court.

The defendants next contend that the punishment is excessive. The assault appears to have been a brutal one, inflicted by the defendants upon the prosecuting witness because the prosecuting witness had caused the arrest of the defendant Jones for disorderly conduct in his house, and was otherwise entirely unprovoked by the prosecuting witness. A fine of $25 and 30 days in the county jail is a very reasonable punishment for an assault of the kind made by the defendants on the prosecuting witness.

For the reasons stated, the case is affirmed.

DAVENPORT, J., concurs. EDWARDS, P. J., absent, not participating.