OURY OSBORN ACREE v. STATE.

No. 26,384. April 22, 1953.

No attorney for appellant of record on appeal.

*William H. Scott,* Criminal District Attorney, *King C. Haynie,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is aggravated assault; the punishment, six months and a fine of $500.00.

The information alleged the injured party to be a decrepit person and the accused to be a person of robust health and strength, which brought the offense within the terms of Subdivision 4 of Article 1147, Vernon's Ann. P. C. They were father and son.

The witness Herbrich testified that he lived next door to the appellant; that early in the morning on the day in question he heard loud talking coming from the appellant's house; that he heard the appellant say, "You've no right to break the dishes," and heard his father say, "Please don't hit me any more." The witness stated that he went to his kitchen window and looked through the appellant's kitchen window, saw the appellant hit his father, and that it appeared from the movement of the appellant's shoulders that he was kicking his father.

Mrs. Herbrich testified substantially the same as her husband and added that after her husband had left for work she saw appellant's father and observed a freshly made blood blister on his face and blood on his wrist. She stated that some time after the day in question she had seen the appellant prop up bushes in front of his kitchen window.

Mrs. Nieman, another neighbor, testified that on the morning in question she heard loud talking, yelling, and a call for help, and then saw the appellant lower the windows and blinds at the front of his house. She stated that appellant's father was very old and almost blind.

Mrs. Hunley, another neighbor, testified that she heard a disturbance at the appellant's house; that several hours thereafter she saw the appellant's father; that he had a large freshly made blood blister on his right cheek and blood on his right wrist; and that he had a cloth in his hand with blood on it. She also testified that the appellant was a strong and vigorous man, and his father was aged, decrepit, and almost blind.

Officer Holliday testified that he was dispatched to the appellant's home on the morning in question; that when he walked up on the porch the appellant ordered him to leave; that he saw the appellant through the window and also saw the barrel

of a firearm protruding against the window screen; and that since he had no warrant he had complied with appellant's demand that he leave.

Appellant, testifying in his own behalf, stated that his father had come in the kitchen on the morning in question and had broken some dishes; that he had remonstrated with him; and that when he persisted he had caught hold of his father and carried him into the living room and placed him in his chair. Appellant stated that his father was shouting for him not to hit him, but denied that he had hit or kicked him. He stated further that his father was a man of violent temper and that he had lowered the windows and blinds in order to avoid disturbing the neighbors. He testified that he had not seen his father since the complaint was filed against him and that his father had died at the age of 85 in the State of Kentucky some four months after the alleged assault.

A photographer testified that at appellant's request he had taken pictures of appellant's home some two months after the alleged assault and gave his opinion that one could not see through the bushes into appellant's kitchen window from a point any distance away from the house.

The jury resolved the issue of fact raised by the testimony of appellant and his witnesses, and we find the evidence sufficient to support the verdict.

In prosecutions under this subdivision, the severity of the assault and the instrument used are not essential elements of the offense. It was clearly shown that the injured party was 85 years old, nearly blind, and, in the words of several witnesses, "decrepit." This, we think, is sufficient to show that the injured party was "one so disabled by mental or physical weakness as to be practically helpless in a personal conflict with a person of ordinary health and strength." Hall v. State, 16 App. R. 6.

Finding no reversible error, the judgment of the trial court is affirmed.