Marvin PETTIGREW, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13831.

Court of Criminal Appeals of Oklahoma.

July 19, 1967.

Shelton Skinner, Shawnee, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Penn Lerblance, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Plaintiff in Error, hereinafter referred to as defendant, has appealed his conviction from the District Court of McIntosh County, for the crime of Assault and Battery With Intent to do Bodily Harm. Defendant was tried by a jury, found guilty, and his punishment was assessed at five years confinement in the state penitentiary. Judgment and sentence was entered on May 21, 1965, after which the defendant has perfected his appeal.

The facts stated briefly, on which the charge was made under Title 21 O.S.A. § 652, for "Assault and Battery With Intent to Kill," are as follows: On February 2, 1965, the defendant was at the home of the complaining witness, Edythe Nichols. She testified, that about 8:00 o'clock that evening the defendant commenced his actions of assault and battery against her, by pulling her by the hair of the head with force sufficient to extirpate parts thereof from her scalp; that he beat her head against the floor, stomped her with his feet, kicked her on her shins, choked her, slapped and otherwise struck her with his hands until about 7:30 a.m. the morning of February 3rd, when she ran from the house.

The complaint was filed against the defendant on February 8, 1965; he was arraigned and granted bail, and had a preliminary hearing before the Honorable Ike E. Warren, Justice of the Peace, on the following March 17th. At the conclusion of the preliminary hearing, the defendant was ordered to stand trial in the District Court on the charge of "Assault and Battery With Intent to Kill."

The charging portion of the Information filed against the defendant in the District Court, on April 23, 1965, read as follows:

"* * * that Marvin Pettigrew did, in McIntosh County, * * * on or about the 3rd day of February, 1965, commit the crime of Assault & Battery With Intent to Kill in the manner and form as follows, to wit: that the said Marvin Pettigrew, did unlawfully, wilfully, intentionally, wrongfully, and feloniously commit an assault and battery on one Edythe Nichols with the intent to kill her and take her life by then and there *with such force and violence as was likely to produce the death* of said Edythe Nichols, did strike, hit and beat said Edythe Nichols with his fists, hands, and feet, and did then inflict on said Edythe Nichols

serious and grievous wounds and internal injuries likely to produce the death of said Edythe Nichols with the unlawful, wilful, wrongful and felonious intent then and there on the part of said defendant to kill the said Edythe Nichols, contrary to the form of the statutes, in such cases made and provided, and against the peace and dignity of the State." (Emphasis added).

Defendant cites twenty-five errors in his petition in error, which he treats under six propositions in his brief. The first proposition is stated: "Where there is no legal or competent evidence to sustain it, an order of committment to hold for trial before the district court is void."

Defendant's second proposition is stated: "Where a defendant, charged with a felony before a magistrate, has a preliminary hearing it is necessary that the magistrate find that a public offense has been committed and that there is sufficient cause to believe the defendant guilty thereof and further that an order holding the defendant to answer be made and filed in the trial court, in order to authorize the filing of an information in the trial court."

The Attorney General answers both of defendant's propositions with the same authorities, and states that the insufficiency of the evidence at the preliminary hearing, as well as whether or not the filing of an information is authorized by such evidence will not be considered on appeal, when the proceedings of the preliminary hearing do not appear in the case made. He cites for his authority Gaines v. State, 46 Okl.Cr. 275, 287 P. 1066, which recites:

"A matter assigned as error, in the motion for new trial and in the petition in error, but not shown by the case-made, will not be considered by this court."

He cites further: Freeman v. State, 97 Okl.Cr. 275, 262 P.2d 713; Cowan v. State, 5 Okl.Cr. 313, 114 P. 627; Fryar v. State, Okl.Cr., 385 P.2d 818; Ingram v. State, 87 Okl.Cr. 223, 196 P.2d 534, and Herren v. State, 72 Okl.Cr. 254, 115 P.2d 258.

We agree with the Attorney General's statement. We also observe that the transcript of the preliminary hearing in this case is not part of the case made, but was filed subsequent to the filing of the case made, and as a separate instrument.

However, notwithstanding that fact, we have examined the transcript of the preliminary hearing, as well as the trial judge's orders overruling defendant's Motion to Quash and Demurrer to the Information, and consider those orders to have been proper. This Court stated in Wyatt v. Wolf, County Judge, Okl.Cr., 324 P.2d 548:

"A preliminary examination before a magistrate on a felony charge is not a trial." See also: Taylor v. State, 96 Okl. Cr. 1, 247 P.2d 749.

Defendant discusses and quotes, in summary, the testimony offered at the preliminary hearing by the two doctors, who examined the complaining witness several days after the offense occurred. He contends in his brief, in support of his first proposition, that there was not enough evidence to show "intent to kill," as charged in the complaint. However, this Court has said, on many occasions:

"A preliminary hearing is not a trial, since it is not conducted to determine the guilt of accused, but only the two issues—was a crime committed, and is there probable cause to believe the accused committed it." Parmenter v. State, Okl.Cr., 377 P.2d 842. See also: Melchor v. State, Okl.Cr., 404 P.2d 63.

We are of the opinion the evidence offered at the preliminary hearing was sufficient for the Justice of the Peace to order the defendant to stand trial in the District Court. Likewise, considering the magistrate's transmittal order in its entirety, we consider it to substantially meet the requirements of the statute.

Further, defendant's complaint concerning the magistrate's transmittal order was not raised in his motion to quash and set aside the information. Instead, his motion went only to contest the sufficiency of

the evidence at the preliminary hearing and contended that such evidence could only sustain a charge of simple assault and battery. This Court has long held that objections must be timely and properly entered, otherwise they are waived.

In an effort to support his position, defendant cites Steiner v. State, 33 Okl.Cr. 298, 243 P. 1002. But the Steiner case can be distinguished from the instant case, in that Steiner challenged the transmittal order in his motion to quash. As set out above, such was not done in the instant case.

We must therefore hold that defendant waived any defect in the examining magistrate's transmittal order, when he entered his plea of not guilty and proceeded to trial without offering such complaint. This Court recently held in Hinex v. State, Okl.Cr., 417 P.2d 339:

"Where defendant, upon arraignment, pleads to the merits and enters on trial, he waives right to preliminary examination, *or if one was held, any irregularities therein.*" (Emphasis added). See also: Tuggle v. Page, Okl.Cr., 427 P.2d 439.

Defendant next complains that the allegations contained in the information were not sufficient to meet the requirements of the statutes. His position is that the information does not allege the use of a "dangerous or deadly weapon," nor does it provide special description of the hands, fists and feet, which the statute requires, if they are alleged to constitute such type weapon. He contends also, that the information does not apprise the defendant of sufficient facts for him to know the manner in which the offense sought to be charged would be established.

We do not agree with the contentions of the defendant. Title 21 O.S.A. § 652, provides as follows:

"Every person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at, another with any kind of firearm, airgun or other means whatever, with intent to kill any person, *or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death,* or in any manner attempts to kill another, or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding twenty (20) years." (Emphasis added).

This Court said in Davis v. State, Okl. Cr., 354 P.2d 466, with reference to the foregoing section of the statutes:

"Section 652, supra, sets out four different means by which the crime defined may be committed: First, by shooting or attempting to shoot at another; Second, by assault and battery by means of a deadly weapon; *Third, by assault and battery by means other than a deadly weapon, but by such force as is likely to produce death;* Fourth, by assault and battery in resisting the execution of any legal process." (Emphasis added).

In this case, the defendant was charged with the commission of the crime of assault and battery with intent to kill, under the third means set out in Davis v. State, supra, i. e., *"by means other than a deadly weapon"*. Such being true, then it was not necessary, nor required, that the county attorney define a deadly or dangerous weapon. Likewise, under the circumstances of this case, it was not necessary that any special description of the defendant's fists and feet be provided to indicate a dangerous capability. As this Court recited in Gober v. State, 25 Okl.Cr. 145, 219 P. 173:

"It is immaterial under the statute whether or not a deadly or dangerous weapon is used provided, of course, that the force used is likely to produce death and the intent of the defendant at the time is to kill. It then becomes a question of fact for the jury to determine whether or not the force used is such as is likely to produce death, and whether or not the defendant intends to kill by the use of such force."

We are of the opinion that the information in this case was sufficient to charge

the crime committed under 21 O.S.A. § 652; and we are further of the opinion that the defendant fully understood the charge and the manner in which the offense would be established. Concerning the description of the shoes, as being deadly weapons, the late Judge Barefoot made reference to that proposition in Smith v. State, 79 Okl.Cr. 151, 152 P.2d 279, when he said:

"Under the law, a pair of shoes, such as worn by the defendant, are not a dangerous weapon per se. There can be no question but that by their manner of use they might under certain circumstances become a dangerous weapon; as, for instance, where the evidence revealed that they were used to stomp one to death, or to inflict great bodily injury. The manner of their use would determine the fact as to whether or not they were a dangerous weapon."

We are of the opinion that the use of fists and hands fall under the same classification. Whether or not one's fists and hands are used as dangerous weapons depends upon the facts and circumstances proved. We observe the following statement in Wharton's Criminal Law and Procedure, Vol. 1, § 360, p. 719:

"A defendant may be found guilty of assault and battery with intent to maim, disable, and kill although he uses only his fists, for the nature of the attack and the differences in the physical condition of the victim and of the defendant may show that such intent could have existed." See: Acree v. State, 158 Tex.Cr.R. 463, 257 S.W.2d 107.

Defendant's fourth proposition complains that the trial court's instructions numbered 5, through and including 10, were erroneous in that they instructed the jury under two separate statutes covering the offenses of "Assault and Battery." He states, that a charge of "Assault and Battery With Intent to Kill" (21 O.S.A. § 652), does not include the offense of "Assault and Battery With Intent to do Bodily Harm" (21 O.S.A. § 645), as a lesser included offense, in that the information did not allege use of a dangerous weapon; and that it was reversible error when the court gave such instructions.

This same proposition has been raised in this Court on many occasions, and has been answered each time in the same way. "The fourth paragraph of the syllabus in Hall v. State, Okl.Cr., 309 P.2d 1096, states:

"The offense defined by 21 O.S.1951 § 645 of assault with a dangerous weapon 'with intent to injure any person, although without intent to kill such person,' is a lesser grade of assault and necessarily included in the offense defined by section 652, id., of assault and battery with a deadly weapon, with intent to kill, *or by such other means or force as is likely to produce death.*" (Emphasis added).

We have examined the trial court's instructions and are of the opinion they were proper. We are likewise of the opinion that it was the intent of the legislature when 21 O.S.A. § 645 was provided, that when anyone commits assault and battery on another with intent to do bodily harm and without justifiable, or excusable cause, by shooting, shooting at, or by any other means whatever, but without the intent to kill, that such offense is punishable as provided therein. Therefore, it was quite proper for the trial court to instruct on the included offense of assault and battery with intent to do bodily harm.

Defendant contends in his fifth proposition that he was required to defend against two separate and distinct offenses, i. e., "Assault and Battery With Intent to Kill," and "Assault and Battery With Intent to do Bodily Harm." We cannot accept this proposition.

As has already been said, it has long been held that the charge of assault and battery with intent to do bodily harm is a lesser included offense of the charge of assault and battery with intent to kill. Therefore, defendant's proposition must fail. It is quite clear that the information charged the defendant with assault and bat-

tery, under Title 21 § 652, alleging the use of such means or force as is likely to produce death, with intent to kill. The testimony presented to the jury was conflicting, but was sufficient to place before the jury enough circumstances to create a question of fact for the jury to determine. Notwithstanding the conflicting testimony, such conflict is to be resolved by the jury, which was done in this case.

Because of the conflicting testimony, it can be reasonably stated, that the jury must have concluded that the defendant did not intend to kill the complaining witness, but instead only to do bodily harm to her. The record before the Court clearly reflects that such was accomplished by the defendant.

We are therefore of the opinion, for the reasons stated herein, that the judgment and sentence imposed herein should be, and the same is, affirmed.

BUSSEY, J., concurs.

NIX, P. J., not participating.