**Emmit Ray ARCHIE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16084.**

Court of Criminal Appeals of Oklahoma.

Sept. 2, 1971.

C. Chad Bledsoe, Lawton, for plaintiff in error.

Larry Derryberry, Atty. Gen., Michael D. Tinney, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Emmit Ray Archie, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Comanche County for the offense of Robbery with Firearms, After Former Conviction of a Felony; his punishment was fixed at twenty-two years imprisonment, and from said judgment and sentence an appeal has been perfected to this Court.

Because of the proposition asserted, it is not necessary to recite the statement of facts. The sole proposition asserts that the trial court erred in its decision on a question of law, when it refused to allow the defendant a complete Preliminary Hearing after the prosecutor amended the Information. The record reflects that on August 1, 1969, the defendant was afforded a Preliminary Hearing on the offense of Robbery with Firearms, and was bound over for trial. On December 16, 1969, the District Attorney of Comanche County filed an amended complaint against said defendant, charging him with Robbery with Firearms, After Former Conviction of a Felony. At this time, the defendant was furnished a complete transcript of the initial Preliminary Hearing and a second Preliminary Hearing was held concerning the "After Former Conviction of a Felony" aspect.

Defendant now complains that he was prejudiced in that he did not have a full and complete Preliminary Hearing concerning both the robbery, and the "after former."

This proposition is improperly before this Court in that the record does not reflect that defendant filed a Motion to Quash the Information. The case of Pettigrew v. State, Okl.Cr., 430 P.2d 808, enumerates the appropriate procedure for preserving such an objection, wherein we stated:

"Any jurisdictional complaint concerning the preliminary hearing should be raised in the motion to quash or presumed to have been waived, when defendant enters a plea and proceeds to trial."

Finding this proposition of error to be without merit, the judgment and sentence is accordingly affirmed.

NIX and BRETT, JJ., concur.